John O. Avery (3407)
Ryan E. Farnsworth (8885)
Avery Law
410 Yellowstone Avenue
Pocatello, ID  83201
Telephone: (208) 232-3020
Facsimile:  (208) 904-4905

Attorney for Debtor

UNITED STATES BANKRUPTCY COURT
DISTRICT OF IDAHO

| | |
|---|---|
| In Re: ) | |
| ) | |
| Paula Ziegler ) | Case No.  20-40042- JMM |
| ) | |
| ) | |
| Debtor. ) | Chapter 7 |
| ) | |

**DEBTOR'S OBJECTION TO IDAHO HOUSING AND FINANCE ASSOCIATION'S MOTION FOR RELIEF FROM AUTOMATIC STAY AND MOTION TO COMPEL ABANDONMENT**

COMES now Debtor Paula Ziegler through Ryan Farnsworth, Avery Law, attorney for debtor and responds and object to James Scott Morrow, Danielle Morrow (the "Morrows") and Morrow Ranch La Quinta ("MRLQ") as follows:

1. The underlying litigation in California is both contentious and vexatious, and the transactions involving the Morrows individually and MRLQ are far removed from Debtor, who was not a party to any transaction with them.

2. Debtor made no statements of any kind to Morrows or MRLQ to induce them to purchase the property in question from another intervening owner. Debtor owed no duty to the Morrow's or their assignees.

3. There are several factors in this case that challenge arriving at the same result as In re Gibson 394 B.R. 54 (Bankr, D. Idaho 2006).

4. Factors of judicial economy are better served by maintaining the Creditor's claims in Idaho bankruptcy court. Not only is Debtor not essential to the California litigation, she has no connection to the Morrow creditors.

5. The court in Gibson points out that Mr. Gibson might be better off litigating the matter in New Mexico. Debtor herein has exhausted all hope that she can participate in any meaningful way in California litigation. Even before the Trustee sought to liquidate her non-exempt property in this case she could not afford to litigate this matter in California. Like Mr. Gibson, Debtor is now unrepresented in the California matter and is unable to retain new counsel.

6. A more convenient forum may form sufficient "cause" for relief from the automatic stay only "when no great prejudice to the bankruptcy estate would result." In re Johnson, 153 BR 49, 51 (Bankr. D. Idaho 1993). Unlike in Gibson, this case is an asset case and there are already several claims filed. If the Trustee waits for Movants to liquidate their claim in North Dakota before proceeding with administration of the bankruptcy estate, this will cause a delay detrimental to other creditors.

9. Respectfully, the California case is not at an advanced stage. Discovery has not yet been set. If the Morrow parties file a claim in this case, then this court can determine the value of that claim. If the Morrow parties assert that the debt is not dischargeable as to debtor for some reason, this court may also make that determination. Accordinlgy, justice would not be served by granting their relief to pursue a party they have never had a relationship with, in a venue they prefer. The party that could conceivably have such a transaction history with is noticeably absent from these proceedings.

Wherefore, Debtor prays that Movants' Motion should be denied, and for such other relief as this Court deems just and proper.

Debtor respectfully requests a preliminary hearing on this matter on April 7, 2020 at 9:00 am.

Dated this 31th Day of March, 2020

/s/_____
Ryan E. Farnsworth

# EXHIBIT A



November 11, 2019

VIA EMAIL
diane@bgdesertlaw.com

Diane C. Blasdel
Blasdel Guinan Lawyers
700 E. Tahquitz Canyon Way, Suite 4
Palm Springs, CA 92262

Re: <u>Morrow v. Dill, et al.</u> (case no. PSC 1905078)

Dear Ms. Blasdel:

This firm represents Paula L. Ziegler ("***Ziegler***"), individually and in her capacity as successor trustee to the Mark A. Ladeda Separate Property Trust (the "***Trust***"). Even though no claims or legal theories were articulated, your November 10th email asserts that your clients, Brent and Eileen Dill, Co-Trustees of the Dill Family Trust, possess claims against Ziegler, "individually" and as trustee of the Trust. Based upon that naked assertion, you demand that Ms. Ziegler participate in a mediation regarding your clients' alleged claims based upon a provision in their February 1, 2017 CAR Residential Purchase Agreement and Joint Escrow Instructions (the "***Agreement***"). Your clients acquired the subject property from the Trust pursuant to the Agreement on or about April 4, 2017.

Please review the facts and legal authorities set forth below, which establish that your clients cannot possess any viable claims against Ms. Ziegler or the Trust, and then feel free to contact me. Note that you have a legal obligation to investigate the facts and applicable law before filing any lawsuit and your signature on a complaint constitutes a certificate that "the claims, defenses and other legal contentions therein are warranted by existing law" and that "the allegations and other factual contentions have evidentiary support." Cal. Civ. Proc. Code § 128.7. You cannot meet that standard here. If you disagree with this analysis, please provide legal points and authorities to support your position.

First, Ms. Ziegler signed the Agreement solely in her capacity as the successor trustee of the Trust, not in her individual capacity. It is undisputed that the Trust owned the subject property and that the Trust sold the property to your clients. Judicially noticeable property records (like deeds) prove that Ms. Ziegler has never owned any interest in the property in her individual capacity. As such, your clients could not possess claims against Ms. Ziegler in her individual capacity and any contract provision requiring mediation does not apply to her in her individual capacity.

In connection with the Trust, a successor trustee cannot be held personally liable for claims related to the Trust. The Probate Code absolutely bars personal liability of a successor

---

41990 Cook Street, Bldg. F, Suite 2006        acapobianco@capobiancolaw.com        Telephone (760) 568-6500
Palm Desert, CA 92211                         www.capobiancolaw.com                Facsimile (760) 568-0100

Diane Blasdel
November 11, 2019
Page 2

trustee and vicarious liability for wrongful acts of a prior trustee in these circumstances. "A trustee is personally liable for torts committed in the course of administration of the trust only if the trustee is personally at fault." Cal. Prob. Code § 18002. "A trustee thus cannot be held personally liable . . . for any obligation arising from his ownership or control of trust property, nor can [s]he be held personally liable . . . for any torts committed in the course of [her] administration of the trust, unless the party seeking to impose such personal liability on the trustee demonstrates that the trustee *intentionally or negligently* acted or failed to act in a manner that establishes personal fault." *Haskett v. The Villas at Desert Falls* (2001) 90 Cal.App.4th 864, 877-78.

These Probate Code Sections establish a strong public policy in this state. "This case well illustrates the wisdom of these [Probate Code] provisions – why would any competent individual agree to take over as a successor fiduciary if he or she were tarred with and shackled by the [alleged] malfeasance of a prior fiduciary?" *Stine v. Dell'Osso* (2014) 230 Cal.App.4th 834, 846.

Importantly, Mark Ladeda died more than four years ago on April 10, 2015. A Probate Action regarding Mark's Decedent's Estate was commenced on April 26, 2018 in Riverside County Superior Court Case No. PRIN1801617 (the "***Probate Action***"), and that Probate Action was closed on May 21, 2019. Your clients never made any claim against Mark's Estate or the Ladeda Trust in the Probate Action or otherwise.

Here, any claims that your clients may possess essentially would allege that Mark Ladeda (in various capacities and/or through entities that he owned and controlled) improved and/or repaired the subject property in violation of building codes and applicable laws, and then would seek to hold Ms. Ziegler liable for Mark Ladeda's alleged wrongful conduct and for the claims asserted against the Dills by the Morrows (i.e. indemnification). Again, Mark is deceased and has been for more than 4 ½ years. It is axiomatic that litigation cannot be maintained against a deceased person. *See e.g.* Cal. Prob. Code § 9370(a); *Greenspan v. LADT, LLC* (2010) 191 Cal.App.4th 486, 496.

To the extent that your clients attempt to assert claims against Mark's Estate and/or his Trust, those claims would be barred by the statute of limitations. Code of Civil Procedure Section 366.2 establishes the statute of limitations for actions related to the liability of a deceased person, "whether arising in contract, tort, or otherwise." Any such action must be "commenced within one year after the date of death, and the limitations period that would [otherwise] have been applicable does not apply." *Id.* Your clients' alleged claims are barred because they were not brought within a year of Mark's death – in fact, no claims have ever been brought to date.

Under Section 366.2, all actions that survive the decedent's death must be filed within one year after the decedent's death whether or not the estate is probated. *Bradley v. Breen* (1999) 73 Cal. App. 4th 798 (cross-complaint on unaccrued cause of action for equitable indemnity barred by Section 366.2). In the *Bradley* case, the Court of Appeal noted that "The 1990 California Law Revision Commission (Commission) recommendation for enactment of that one-year limitations period explained in part that such a statute would effectuate the strong public policies of expeditious estate administration and security of title for distributees, is consistent with the concept that a creditor has some obligation to keep informed of the status of the debtor,

Diane Blasdel
November 11, 2019
Page 3

is an appropriate period to afford repose, and provides a reasonable cutoff for claims that soon would become stale. (Recommendation Relating to Notice to Creditors in Estate Administration (Dec. 1989) 20 Cal. Law Revision Com. Rep. (1990) pp. 512-513.)" *Id.* at 801. The Court of Appeal concluded that Section 366.2 applied unequivocally to bar cross-claims for equitable indemnification even if those claims did not accrue for other statute of limitations purposes until long after the decedent's death. *Id.* at 804-805 ("Public policy considerations may override the general goal of equitable allocation of loss and require imposing some limitation on the right to indemnity in certain circumstances."); *see also Dawes v. Rich* (1997) 60 Cal. App. 4th 24.

Similarly, your clients cannot avoid that statute of limitations bar by suing Ms. Ziegler in her capacity as successor trustee to the Trust or as the personal representative of Mark's Estate. *Stoltenberg v. Newman* (2009) 179 Cal.App.4th 287 is directly on point. That case involved tort claims arising from the actions of a decedent brought more than one year after his death against the successor trustee of the decedent's trust. The Court of Appeal concluded that Section 366.2 barred the claims. "It would make no sense if the statute of limitations barring claims for a decedent's tortious action could be avoided by not pursuing a claim against the estate of the decedent but rather proceeding against the successor trustee of the decedent's trust." *Id.* at 295-96. The statutory language is "clear that the one-year statute applies to all debts of the decedent *regardless of whom the claims are brought against.*" *Id.* at 295 (internal quotations and citations omitted) (emphasis in original).

In fact, your clients were required to make a claim in Mark's Probate Action in order to preserve any creditor rights (and such claims would have been rejected under Section 366.2). After a person dies, any person who may have a claim against estate property is a "creditor" (Cal. Prob. Code §9000(c)), and creditors must file their claims as provided in the Probate Code (Cal. Prob. Code §§9000-9399). All such claims are invalid if not filed with the court and served on the decedent's personal representative. Cal. Prob. Code §9150(d). And, Probate Code Section 9100 does not extend the statute of limitations under Section 366.2, nor does it extend or toll any other statute of limitations or revive any claim that is barred by any statute of limitations. Cal. Prob. Code § 9100(a), (c).

For these reasons, if your clients wanted to pursue claims against Mark's Estate then they had to file suit within one year of his death and they failed to do so. As such, these claims are absolutely barred.

Based on the foregoing, Ziegler and the Trust have complete defenses to any claim your clients might assert on any legal theory. Mediation would therefore be futile. We propose that the Trust and your clients stipulate in writing to waive the mediation clause in the Agreement, so that nobody has to spend time and money on a fruitless mediation. For the avoidance of doubt, the Trust is not refusing to mediate, but if you believe that your clients' claims have merit, before any mediation could be at all useful, we need to understand the detailed basis for any claim(s), and we need substantive responses to the analysis above.

This letter is not intended to contain an exhaustive list of all the reasons why your clients' alleged claims would be barred, as other grounds may exist once your clients articulate some legal theory against Ms. Ziegler. Again, if you disagree with any aspect of the foregoing analysis, please promptly provide detailed points and authorities to support your positions and

Diane Blasdel
November 11, 2019
Page 4

the precise legal theories that your clients believe they can pursue against Ms. Ziegler.

          Sincerely,

          CAPOBIANCO LAW OFFICES, P.C.

          By: Anthony Capobianco

cc:    Paula Ziegler
       Derek Wallen

CERTIFICATE OF SERVICE

COMES NOW Tina Jensen and hereby certifies that on this 31st day of March, 2020, I electronically filed the Objection to Motion for Relief From Automatic Stay with the Clerk of the Bankruptcy Court using the CM/ECF system which sent a Notice to the following persons:

R. Sam Hopkins @ shopkins@epiqsystems.com

U.S. Trustee @ ustp.region18.bs.ecf@usdoj.gov

I further certify that I served the foregoing document via first class mail postage prepaid to the following non CM/ECF :

| | | |
|---|---|---|
| Paula Ziegler | Ron Kerl, Esq. | Anna G. Kudla |
| 1966 N Tatonka Lane | 151 N. Third Ave. Ste. 210 | Reema Abboud |
| Inkom, ID 83245 | PO Box 4229 | WALSWORTH WFBM,LLC |
| | Pocatello, ID 83205-4229 | One City Boulevard West, |
| | | Fifth Floor |
| | | Orange, CA 92868 |

Diane C. Blasdel, Esq.  
Blasdel Guinan Lawyers  
700 E. Tahquitz Canyon Way, Ste 4  
Palm Springs, CA 92263  
(Mailing)  
PO Box 1747  
Palm Springs, CA 92263

Incorp Services, Inc.  
3773 Howard Hughes Pkwy, Ste 500  
Las Vegas, NV 89169

/s/Tina Jensen
Tina Jensen,
Paralegal