UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| | |
|---|---|
| In re:<br><br>PAULA LYNNE ZIEGLER,<br><br>Debtor, | Case No. 20-40042-JMM<br><br>**CHAPTER 7** |

**ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

The Court having considered the Motion by James Scott Morrow, Danielle Morrow and Morrow Ranch La Quinta, LLC, a California limited liability company (collectively "Movants") for Relief from the Automatic Stay ("Motion")(Docket No. 40), and pursuant to 11 U.S.C. §362 and Rule 4001 of the Federal Rules of Bankruptcy Procedure and Bankruptcy Local Rule 4001.2 and having considered all of the pleadings submitted to the Court and the arguments of counsel whose appearances are noted on the record at the preliminary hearing of the Motion on April 7, 2020 and finding that proper notice to all necessary parties as required by law was provided and for good cause shown,

IT IS HEREBY ORDERED THAT:

    1.    The Motion is granted.

    2.    The Movants are hereby granted relief from the automatic stay pursuant to 11 U.S.C. § 362(a) for cause pursuant to 11 U.S.C. § 362(d)(1) to proceed with and continue prosecution of the action pending in the Superior Court of the State of California for the County of Riverside—Palm Springs ("State Court") commenced by the Movants against

defendants therein including Paula L. Ziegler the Debtor herein ("Debtor")[1], individually and as Successor Trustee of the Mark A. Ladeda Separate Property Trust, dated November 11, 2014 ("Ladeda Trust") entitled James Scott Morrow, an individual, et al vs. Brent Dill, etc. et al denominated as Case No. PSC1905078 ("Underlying Action") and the automatic stay is modified to permit Movants and other parties therein to proceed to final judgment (including entry of judgment) as against the Debtor herein [(individually and as Successor Trustee of the Ladeda Trust to the extent the automatic stay is applicable to the Debtor as Successor Trustee of the Ladeda Trust)] for the purpose of prosecuting and liquidating their claims against the Debtor for all purposes in the within bankruptcy proceedings including any distribution on account of such claims and to permit the filing, service and prosecution of cross-complaints against the Debtor in accordance with applicable non-bankruptcy law so that further proceedings may be had and completed in the Underlying Action. Nothing contained in this Order shall modify or terminate the automatic stay under 11 U.S.C. § 362 to permit Movants or any of the other parties in the Underlying Action collect or seek payment of a final judgment in the Underlying Action from property of the bankruptcy estate herein except upon further order of the Court or payments or distributions on account of their allowed claims in the within bankruptcy case.

3. Nothing contained in this Order shall limit or otherwise affect Movants' rights and remedies against the non-Debtor defendants in the Underlying Action or any rights and remedies against the Debtor as a creditor in the within bankruptcy case including the right to

---

[1] The Debtor is identified in the within bankruptcy case as Paula Lynn Ziegler and is also known as such.

**Order Granting Motion for Relief From the Automatic Stay and Notice**
Page - 2

assert claims under 11 U.S.C. § 501 and to seek a determination that their claims are non-dischargeable.

4. To the extent that any agreement between any of the defendants in the Underlying Action, on the one hand, and the Debtor, individually or as Successor Trustee of the Ladeda Trust on the other hand, provides for the Debtor to participate or engage in any mediation or arbitration, or any such defendants otherwise assert that they are entitled to compel the Debtor to participate in mediation or arbitration, such defendants shall be required to request and obtain relief from the automatic stay to take action to compel the Debtor to do so or otherwise enforce such agreement or right to compel mediation or arbitration against the Debtor unless the Debtor agrees to participate therein.

5. Notwithstanding the terms and provisions of Rule 4001(a)(3) of the Rules of Bankruptcy Procedure, the order terminating the automatic stay should be deemed effective upon its entry by the Court.



DATED: April 14, 2020

_____
JOSEPH M. MEIER
CHIEF U. S. BANKRUPTCY JUDGE

Submitted by:

/s/ Ron Kerl
Ron Kerl, Esq.
Attorney for James Scott Morrow, Danielle Morrow and Morrow Ranch La Quinta, LLC

**APPROVED AS TO FORM AND CONTENT**:
AVERY LAW
Attorneys for the Debtor

**Order Granting Motion for Relief From the Automatic Stay and Notice**
Page - 3

By: /s/ Ryan E. Farnsworth                     Dated: April 13, 2020
     Ryan E. Farnsworth

SPINNER, WOOD & SMITH
Attorneys for the Trustee

By: /s/ Thomas D. Smith                        Dated: April 8, 2020
     Thomas D. Smith

Case 20-40042-JMM    Doc 63    Filed 04/14/20    Entered 04/14/20 16:26:15    Desc Main
Document      Page 4 of 4

Order Granting Motion for Relief From the Automatic Stay and Notice
Page - 4