| Ron Kerl, Esq., ISB #1768<br>**COOPER & LARSEN, CHARTERED**<br>151 North Third Avenue, Suite 210<br>P.O. Box 4229<br>Pocatello, ID 83205-4229<br>Telephone:   (208) 235-1145<br>Facsimile:   (208) 235-1182<br>Email: ron@cooper-larsen.com | Allan H. Ickowitz, Esq. (*Pro Hac Vice*)<br>**NOSSAMAN LLP**<br>777 South Figueroa Street, 34th Floor<br>Los Angeles, CA 90017<br>Telephone:   (213) 612-7800<br>Facsimile:   (213) 612-7801<br>Email: aickowitz@nossaman.com |

*Attorneys for James Scott Morrow, Danielle Morrow,
and Morrow Ranch La Quinta, LLC*

UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| In re:<br><br>PAULA LYNNE ZIEGLER,<br><br>　　　　　Debtor, | Case No. 20-40042-JMM<br><br>**CHAPTER 7** |

**OBJECTION BY JAMES SCOTT MORROW, DANIELLE MORROW AND MORROW RANCH LA QUINTA, LLC TO DEBTOR'S MOTION TO CONVERT CASE TO CHAPTER 11**

COME NOW James Scott Morrow, Danielle Morrow and Morrow Ranch La Quinta, LLC ("Objecting Creditors"), by their counsel of record, and submit the following Objection to the Debtor's Motion to Convert Case to Chapter 11, Doc. No. 56 ("Motion"):

1. The Debtor filed the Motion on April 13, 2020 literally just hours after hearings on the Trustee's turnover motion and motion to extend the time for objections to the Debtor's discharge in this case, both of which the Court granted over the Debtor's opposition. The Motion is a transparent effort to hinder the Objecting Creditors whose litigation claims were the reasons for the Debtor's bankruptcy filing and which represent nearly 100% of the Debtor's liabilities as well as the efforts by R. Sam Hopkins the duly appointed Chapter 7 trustee herein

("Trustee") to preserve assets of the estate for the benefit of all of the Debtor's creditors. As discussed below, the Motion is not made in good faith and there is no legitimate purpose for conversion to Chapter 11.

2.      As a preliminary matter and in addition to the grounds for this Court exercising its authority to deny the Motion discussed below, the Debtor's request to convert this bankruptcy case to Subchapter V of Chapter 11 (11 U.S.C. §§ 1181-1195) must be denied as improper on its face. The Debtor does not qualify to be a debtor under Subchapter V, a requirement for conversion under 11 U.S.C. § 706(d) as a matter of law. That is because only a "small business debtor" may be a debtor under Subchapter V. A small business debtor is defined under 11 U.S.C. § 101(51D)(A) as a "…a person engaged in commercial or business activities." The Debtor certified in her bankruptcy Petition, Statement of Financial Affairs and Schedules that she is not engaged in commercial or business activities, has no connection to any business, has no income from a business or otherwise, is not employed, has no income from any source and has not received any income during 2020 or during the two previous calendar years. (See items 4, 5 and 27 of Debtor's original Statement of Financial Affairs, items 4 and 12 of Debtor's Petition, and Debtor's original Schedule I, all included in Doc. No. 1 filed in this case; items 4, 5 and 27 amended Statement of Financial Affairs, Doc. No. 37 filed in this case.) Moreover, the focus in Subchapter V which was added to the Bankruptcy Code by the Small Business Reorganization Act of 2019 ("SBRA") and which became effective on February 19, 2020, is on implementing a plan that, in order to be "fair and equitable" must provide that all of the projected value of the debtor's disposable income be applied to plan payments or provides that the debtor must distribute over the term of the plan property with a value equal to the debtor's projected disposable income (11 U.S.C. §1191(c).) The Debtor states that she has no income. Given that

**Objection to Debtor's Motion to Convert**
**Page - 2**

the Debtor has no income, the only plan that she can propose would be a liquidation plan, a process already under way in the pending Chapter 7 case, and a goal towards which the Trustee has expended significant time and cost and which the Trustee is qualified to perform more effectively and economically than a Chapter 11 debtor.[1]

3. The Debtor seeks to derail the Chapter 7 Trustee's significant and ongoing efforts to identify and locate substantial assets that the Debtor herself either has concealed, attempted to make unavailable or intends to otherwise exclude from her bankruptcy estate without the necessary supervision or interference. In fact, the Debtor is seeking to employ counsel in the converted case if her Motion is granted, the law firm of Angstman Johnson, a firm that previously has consulted with defendants in the Trustee's two adversary proceedings and which the Debtor proposes to pay as an expense of the bankruptcy estate to the detriment of the creditors herein and raises issues concerning the relationships between the Debtor, on the one hand, and her son and his related entities, on the other hand. (*See* Application to Employ Counsel for Debtor, Doc. No. 57, generally, and Paragraph 5 of the Verified Statement, doc 57-1, specifically.)

4. The Debtor filed the Motion in response to the following events and actions taken in this case which no doubt impair her ability to continue to hide and dispose of assets and make those assets unavailable to answer for the Debtor's liabilities and establish her lack of good faith in filing the Motion:

---

[1] Objecting Creditors also oppose the Motion because the Debtor's case has been pending since January 14, 2020, prior to the effective date of Chapter 11.5 and, therefore, any conversion should be governed by Chapter 11 prior to the new statute's effective date since the Debtor's bankruptcy petition was filed before the effective date of the statute.

- The Trustee filed an adversary proceeding, Case No 20-08018-JMM on March 27, 2020 seeking to avoid $535,000 in fraudulent transfers made by the Debtor in the form of gifts in the two months before filing bankruptcy identified in her schedules and statement of affairs (Document Nos. 1 and 37);

- The Trustee filed an adversary proceeding, Case No. 20-08019 on April 3, 2020 to recover the proceeds of a condominium in Palm Desert, California being sold by a trust in which the Debtor is the trustee and in which the Debtor appears to hold a residual interest—the property interest was listed as an asset in paragraph 32 of her original Schedule A/B (Doc. No. 1) but later the $205,000 in funds from the property were claimed to be "protected from creditors" by the Debtor in paragraph 32 of her amended schedules and statement of affairs filed on March 19, 2020 (Doc. No. 37) ;

- The Trustee filed a Motion for Rule 2004 Examination on April 6, 2020 (Doc. No. 53) seeking to examine the other 50% owner of Las Plumas Developers, LLC, in which the Debtor owns 50% and which owns valuable real estate in a prime area of the Coachella Valley, California;

- The Court granted the Objecting Creditors' Motion for Relief from the Automatic Stay to prosecute their litigation against the Debtor after a hearing on April 7, 2020 and entered its Order granting that motion on April 14, 2020 (Doc. No. 63);

- The Court granted the Trustee's turnover motion requiring the Debtor to turnover certain items of estate property including the Debtor's Mercedes

**Objection to Debtor's Motion to Convert**
**Page - 4**

      Benz and other assets (Doc. No. 27) at the hearing on April 13, 2020, the date on which the Motion was filed; and

- The Court granted the Trustee's motion to extend the time for objections to the Debtor's discharge (Doc. No. 26) at the hearing on April 13, 2020.

5.    The Trustee has expended substantial time and effort in ensuring that the Debtor does not continue to remove property and funds from the reach of her creditors during the bankruptcy case. The Debtor's Motion seeks to nullify the Trustee's actions and advances toward an appropriate conclusion of the within chapter 7 bankruptcy case.

6.    The United States Supreme Court has held that a debtor's right to conversion under 11 U.S.C. § 706(a) is not absolute. The Court in *Marrama v. Citizens Bank*, 549 U.S. 365 (2007) addressed a motion to convert from Chapter 7 to Chapter 13 and held that a debtor whose converted case would be subject to dismissal or reconversion for cause because of bad faith under section 1307(c) did not have the right to convert to Chapter 13 in the first instance. That is because the debtor may not in fact be a debtor under the chapter to which conversion is requested for purposes of section 706(d). The Supreme Court also recognized the authority under 11 U.S.C. § 105(a) to deny a motion to convert on bad faith grounds.

7.    The decision in *Marrama* has been followed in cases involving requested conversion from Chapter 7 to Chapter 11 like that sought by the Motion herein where the case would be subject to subsequent reconversion or dismissal pursuant to 11 U.S.C. § 1112(b). In *In re Woodruff*, 580 B.R, 291 (Bankr. M.D. Ga. 2018), the court denied conversion from Chapter 7 to Chapter 11 for cause based upon the debtor's bad faith as well as under 11 U.S.C. 1112(b)(4)(A) which provided that conversion to Chapter 11 should be denied if it would result in "substantial or continuing loss to or diminution of the estate and the absence of a reasonable

likelihood of rehabilitation." The court found that the debtor, like the Debtor herein, intended to thwart the trustee's efforts to take control of probate assets which were the subjects of an adversary proceeding filed by the trustee. The court in *Woodruff* also determined that the debtor had no reliable source of income and was merely proposing to liquidate assets which made the debtor's rehabilitation as required by section 1112(b)(4)(A) impossible. As noted by the court, the use of the term "rehabilitation" requires ongoing operations as opposed to merely liquidating assets and that, as a result, a liquidating plan does not satisfy the provision:

> The Debtor is not attempting to restructure his obligations to secured or priority creditors by committing some proportion of his income to these claims. In fact, the Debtor does not have a reliable source of income. Rather, to fund the plan, the Debtor proposes disposing of his assets in final satisfaction of dischargeable claims. This is clearly a liquidation plan and not a plan to rehabilitate the debtor's assets and reorganize his liabilities. Accordingly, case law directs this court to find there is no 'reasonable likelihood of rehabilitation.'

*Id.* at 300.

*See also*, *In re Hunter*, 597 B.R. 287 (Bankr. M.D.N.C. 2019) (the court denied the debtor's motion to convert from Chapter 7 to Chapter 11 where the case would be subject to conversion or dismissal for the debtor's bad faith in attempting to take control of a pending litigation and its settlement away from the prying eyes of a Chapter 7 trustee as well as the fact that the debtor's only exit strategy under Chapter 11 would be, as in this case, liquidating assets rather than rehabilitation, and that conversion to Chapter 11 would diminish the estate making section 1112(b)(4)(A) applicable to deny conversion.); *In re Zamora-Quezada*, 2017 Bankr. LEXIS 2208 (Bankr. S.D. Tex. 2017) (the court denied a motion to convert from Chapter 7 to Chapter 11 where the debtor acted in bad faith by, among other things and like the Debtor herein, engaging in pre-petition transfers of assets, in addition to having no business operations in place to rehabilitate as a small business debtor); *In re Gedda*, 2015 Bankr. LEXIS 920 (Bankr. M.D.

Fla. March 24, 2015) (the court denied a debtor's motion to convert from Chapter 7 to Chapter 11 where the debtor was attempting to stop his trustee's fraudulent conveyance litigation against his wife and the debtor had essentially no income from which to fund plan payments.); *Levesque v. Shapiro (In re Levesque)*, 473 B.R. 331 (9th Cir, B.A.P. 2012) (the court denied a debtor's motion to convert from Chapter 7 to Chapter 11 where the debtor failed to disclose a claim owned by the debtor.)

8. The Debtor represents in both her initial Petition, Schedules and Statement of Financial Affairs as well as her amended Statement of Financial Affairs that she is not engaged in any business or commercial activities. The circumstances described above demonstrate that by her Motion, the Debtor intended to remove the Chapter 7 Trustee so that she can take control of and make her assets unavailable to her creditors and stop the Trustee's efforts to recover back property and funds placed into insiders' hands in avoidable transactions. Conversion in this case would be contrary to the objectives of Subchapter V for the reasons discussed. Moreover, the unavailability of relief to the Debtor under Subchapter V, the fact that a plan consistent with Subchapter V cannot be approved in this case, and the Debtor's lack of any income or earnings from which to find a Chapter 11 Plan, all constitute cause for dismissal or conversion under section 1112(b) and, therefore, constitute cause for denial of the Debtor's Motion.

9. In the event that the Court were to grant the Motion notwithstanding the above, the Objecting Creditors request that the Court, as a condition to such conversion should remove the Debtor as debtor in possession pursuant to 11 U.S.C. § 1185(a) and appoint the Trustee as the trustee herein pursuant to 11 U.S.C. § 1183(a). Objecting Creditors request that the Court should further order that the Trustee will perform all of the duties set forth in section 1183(b) including the duties pursuant to 11 U.S.C. § 1183(b)(2) and (5), as applicable. Appointment of the Trustee

with such duties is imperative under the circumstances in this case as discussed including the pending avoidance and asset recovery litigation commenced by the Trustee, the Debtor's efforts to remove assets as well as the Debtor's failure to disclose the existence of her interest in Las Plumas Developers, LLC and its possible inclusion as property of the estate herein which the Trustee is attempting to investigate pursuant to the Rule 2004 examination he seeks to conduct as discussed above. The appointment of a trustee concurrent with conversion is permissible in appropriate circumstances without requiring a separate motion and can even be made *sua sponte* if warranted in a particular case. *In re Basil St. Partners, LLC*, 477 B.R. 856, 865-869 (Bankr. M.D. Fla. 2012) (court appointed a trustee at the time the debtor's motion to convert was granted); *Fukutomi v. United States Trustee (In re Bibo, Inc.)*, 76 F.3d 256 (9th Cir. 1995) (affirming the bankruptcy court's appointment of a trustee sua sponte at a hearing on the debtor's application for approval of management fees). However, removal of the debtor in possession and appointment of a trustee in accordance with the foregoing is not sufficient in this case because Subchapter V does not allow for collection and liquidation of assets by the trustee or submission of a plan by the trustee.

WHEREFORE, Objecting Creditors respectfully request that the Court deny the Motion or in the event that the Motion is granted, that the Court condition conversion on removal of the Debtor as debtor in possession and appointment of the Trustee as trustee in the Subchapter V case with the duties as described above.

DATED this 20th day of April, 2020.

                                         **COOPER & LARSEN, CHTD**.
                                         **NOSSAMAN LLP**
                                         *Attorneys for Scott James Morrow, Danielle Morrow and Morrow Ranch La Quinta, LLC*

By /s/Ron Kerl
      Ron Kerl

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY on the 20th day of April, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

| | |
|---|---|
| US Trustee<br>ustp.region18bs.ecf@usdoj.gov | Ron Kerl<br>ron@cooper-larsen.com |
| Thomas Daniel Smith<br>Tsmith8206@cableone.net | Matthew T. Christensen<br>mtc@angstman.com |
| Allan H. Ickowitz<br>aickowitz@nossaman.com | R. Sam Hopkins<br>AWilliams32@cableone.net |

AND, I HEREBY CERTIFY that I have mailed by United States Postal Service the foregoing document(s) to the following non-CM/ECF Registered Participant(s). (List names and mailing addresses):

Paula Lynne Ziegler
1966 N. Tatonka Ln.
Inkom, ID 83245

Prime Time Auctions
3400 S 5th
Pocatello, ID 83201

By /s/ Ron Kerl
      Ron Kerl, Esq.